UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT R. STUART and ROBERT R. STUART, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:11-cv-0686-TWP-DML ) |
| TOLA R. CHIN, SR., TOLA R. CHIN, JR., MARCIA CHIN, and QINS, INC., | ) ) ) |
| Defendants. | ) ) |

## Order Granting Motion for Leave to Amend Complaint

This matter is before the court on the motion (Dkt. 23) by plaintiff Robert R. Stuart and his company Robert Randall Stuart, Inc. (together, "Stuart") to file a second amended complaint that adds state law breach of fiduciary duty, tortious interference, and tortious conversion claims as derivative claims on behalf of Strategic Sourcing, LLC, and that adds Strategic Sourcing, LLC as a party-plaintiff.[1]  The proposed second amended complaint makes other changes to the current complaint, but they are primarily changes in structure rather than substance and are not a source of the parties' dispute about whether Stuart should be granted leave to amend.

Stuart was spurred to bring the new derivative claims and add Strategic Sourcing, LLC as a party in response to a motion to dismiss filed by the current defendants.  In that motion (Dkt. 12), the defendants argue that Stuart's complaint is deficient because it purports to assert,

---

[1]  Although Stuart puts Strategic Sourcing, LLC on the plaintiff side of the caption, it likely should be on the defendant side. *See BI3, Inc. v. Hamor,* 2011 WL 5023394 at *11 (N.D. Ill. Oct. 20, 2011) (citing *Smith v. Sperling,* 354 U.S. 91 (1957)) (when company's management is antagonistic to the individual plaintiff in derivative case, the company should be aligned as a party defendant).  As explained below, placement of the LLC on the plaintiff or defendant side has no effect on the question presented by the motion.

as direct claims, actions that belong to Strategic Sourcing, LLC and therefore may be asserted, if at all, only as derivative claims.[2] Stuart has responded to that argument by seeking leave to amend to add derivative claims on behalf of Strategic Sourcing. The defendants oppose leave because adding Strategic Sourcing as a party destroys the court's diversity jurisdiction. The members of Strategic Sourcing are plaintiff Robert R. Stuart and defendant Tola R. Chin, Sr., so no matter whether Strategic Sourcing is on the plaintiff or defendant side of the caption, it would share citizenship with a person on the other side and complete diversity is not possible. *See Strawberry v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (section 1332 diversity jurisdiction requires complete diversity of all plaintiffs from all defendants); *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011) (citizenship of limited liability company is the citizenship of each of its members).[3]

The defendants argue that the court should not permit Stuart to "manipulate" this court's jurisdiction by adding a non-diverse party and that under Rule 19 principles, because the case should not go forward without Strategic Sourcing, the case should be dismissed for nonjoinder. But as explained below, the defendants cannot prevail on both sides of their argument. They have not employed the correct analytical framework, and application of the correct legal standard

---

[2] The defendants have filed another motion to dismiss based on lack of personal jurisdiction (Dkt. 10).

[3] Stuart's proposed amended complaint does not properly allege the citizenship of any of the parties. For the individuals, the proposed complaint gives their states of "residence," which is not the same as their citizenship (*Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002)), and for Qins, Inc., the complaint does not provide the state of its principal place of business (*see* 28 U.S.C. § 1332(c)(1)). In the usual case, these deficiencies would not permit the court to determine whether it might possess diversity jurisdiction. Here, however, because Strategic Sourcing has the same citizenship as its two members, and its two members are on opposite sides of the caption from each other, then it follows that no matter the states of their citizenship (but assuming each is a citizen of one of the states), if Strategic Sourcing is a party, it shares citizenship with someone on the other side of the caption.

demonstrates that Stuart should be granted leave to amend to add Strategic Sourcing. That, the court acknowledges, will result in this case's remand to Hamilton Superior Court, from which the defendants removed it.

## Analysis

**A. Section 1447(e) applies and governs the issue before the court.**

The defendants posit a confusing patchwork for the court's analyses of whether a plaintiff should be permitted to amend his complaint to add a non-diverse party that will destroy the court's subject matter jurisdiction. They suggest that Rule 19 governs all questions of party joinder by an amended complaint. But they also maintain that adding a party can never affect the court's subject matter jurisdiction, despite their acknowledgment that 28 U.S.C. § 1447(e) governs the question before the court. Stuart has it right: Where a case has been properly removed based on the court's diversity jurisdiction, 28 U.S.C. § 1447(e), which was added to section 1447 in 1988, directly governs the question whether the plaintiff should be permitted to add a non-diverse party:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

As provided in the statute, the post-removal joinder of a non-diverse defendant *does* prevent the district court from continuing to exercise subject matter jurisdiction, and therefore the court has two choices only: deny joinder of the new party and keep jurisdiction of the case *or* allow joinder—destroying diversity—and remand to state court. *See Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir. 2009). "[T]he district court may not permit joinder of a nondiverse defendant and retain jurisdiction." *Id.*

The court's selection of one choice over the other is one of discretion to be guided by "the equities." *Id.* The *Schur* case is the first by the Seventh Circuit to adopt factors for the district court to consider in exercising that discretion. The court should consider: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable consideration." *Id.*

The court will address each factor in turn.

### B. Stuart's Motive for Joining Strategic Sourcing

The first factor—examining whether the plaintiff's motive for seeking to join the nondiverse party is to defeat federal jurisdiction—is not exactly the same as the "fraudulent joinder" inquiry. *Schur,* 577 F.3d at 763-64. The fraudulent joinder inquiry applies when a case is initially removed to federal court. It permits a district court to disregard the citizenship of a non-diverse defendant originally named if the court finds that there is no reasonable possibility that a plaintiff could succeed on the merits of any claim against the non-diverse defendant. *Id.* The doctrine—which does not require any "fraud" by the plaintiff or motive that the plaintiff named the defendant because it wanted to prevent federal jurisdiction—is very difficult to establish, and it does not need to be established as part of the court's section 1447(e) analysis. *Id.* Even if a plaintiff's proposed claims against a non-diverse defendant are plainly viable, the court may still consider whether the joinder request appears to be designed to defeat federal jurisdiction. *Id.* But where the claims appear to lack reasonable basis in fact or law, the motive to defeat jurisdiction becomes plainer. *Id.* at 767.

The *defendants* have argued that in order for Stuart to bring derivative claims, Strategic Sourcing must be a party to this case, and they have urged the court to dismiss Stuart's current complaint on the grounds that Stuart's claims are in fact derivative in nature and cannot survive in any forum unless they are brought as derivative claims. (*See* Dkt. 13, at p. 1). Stuart's request for leave to add Strategic Sourcing as a party is therefore on the opposite end of the spectrum from the situation the fraudulent joinder doctrine addresses. There is no suggestion that the fiduciary duty-related tort claims that Stuart seeks now to bring derivatively have no possibility of success on the merits. Rather, there is a strong argument (as made by the defendants in their motion to dismiss) that the claims cannot succeed on the merits without Strategic Sourcing in the case.[4] It just so happens that Strategic Sourcing's presence deprives the court of diversity jurisdiction.

Stuart's motive weighs in favor of granting leave to amend.

**C.   Timeliness of Stuart's Motion for Leave to Amend**

Stuart filed his complaint in state court on May 3, 2011, a forum in which Strategic Sourcing's and the defendants' citizenship are irrelevant except insofar as citizenship may bear on personal jurisdiction. The defendants removed the action on May 20, 2011, and on May 24, 2011, moved to dismiss the case on the grounds that Stuart's claims were derivative in nature but he had not brought them derivatively. Stuart moved for leave to amend on July 11, 2011, about seven weeks later. The court has not yet held an initial pretrial conference nor entered a case

---

[4]   The defendants have argued: "Plaintiffs' Amended Complaint must be dismissed for failure to state a claim upon which relief must be granted because applicable Nevada law does not recognize a direct action by a member of an LLC for the harm alleged here. Further, although Nev. R. Stat. § 86.483-86.489, inclusive permits a member of an LLC to bring a derivative action, Plaintiffs have not only failed to do so, but have also failed to comply with pre-suit and pleading requirements." Dkt. 13 at p. 1. The defendants have reserved the right, however, to challenge the legal sufficiency of the amended claims.

management plan. Stuart acted promptly enough, and the court does not find that he was dilatory.

### D.  Injury to Stuart if Joinder Is Not Allowed

The defendants have made Stuart's argument for him on the question whether he will be injured if not permitted to name Strategic Sourcing as a party. *See Ross v. Bernhard,* 396 U.S. 531, 538-39 (1970) (noting general rule that the corporate entity is a necessary party to a derivative action and "without it the case cannot proceed"). According to the defendants, applicable Nevada law would not permit direct claims. (*See* Dkt. 13 at pp. 3-5). If they are right, then the viability of Stuart's claims may be dependent on Strategic Sourcing's presence as a party and Stuart would be adversely affected if joinder is not allowed.[5]

The court disagrees with the defendants' suggestion that this factor—whether Stuart would be injured if joinder is not allowed—requires an analysis under Rule 19 and that only if the court finds that Strategic Sourcing is "indispensable" (in the old Rule 19 vernacular) may the court decide that Stuart would be injured if joinder is not allowed. The thrust of the defendants' argument that Strategic Sourcing is not a Rule 19(b) party is that another court—a Nevada state court in which defendant Tola R. Chin, Sr. has brought suit against Stuart and named Strategic Sourcing as a party—could hear and decide Stuart's claims instead of an Indiana court. The defendants remain steadfast, however, that Stuart has no claims without Strategic Sourcing as a

---

[5]  To be clear, this court does not purport to resolve whether Nevada law (the law under which Strategic Sourcing was formed) would permit Stuart's claims to be brought only derivatively or whether he could bring them in a direct action, as Indiana courts allow in certain circumstances. *See Yessenow v. Hudson,* 2009 WL 1543495 at *4-5 (N.D. Ind. June 2, 2009). The court's acknowledgment of the defendants' argument for purposes of deciding this motion should in no way be considered a determination of the issue, "law of the case," or the basis of an estoppel.

party, and they cite no authority to support their suggestion that the "injury" factor under section 1447(e) requires a showing of "indispensability."

### E. Other Equitable Considerations

The strongest argument in the defendants' favor for denying Stuart leave to amend is his decision not to file a substantive response to the current defendants' challenge to this court's *personal* jurisdiction over them. The defendants moved to dismiss for lack of personal jurisdiction in May (Dkt. 10), and Stuart advised the court he wanted to take discovery to test the defendants' factual assertions regarding their lack of contacts with the state of Indiana and thus needed more time to respond to the defendants' motion. The court granted Stuart more time, but instead of taking discovery and then filing a response to the defendants' motion, Stuart chose to seek to amend his complaint. That maneuver, if successful, will send this case back to state court. The defendants assert that Stuart's decision not to respond to the motion to dismiss in this court means that he has *conceded* that Indiana courts do not have personal jurisdiction. And, if that is so, then according to the defendants, it makes no sense to permit Stuart leave to amend, which would result in remand to a state court that Stuart "concedes" lacks personal jurisdiction over the current defendants.

Although Stuart may ultimately have to concede the personal jurisdiction argument, the strategy of seeking leave to amend rather than responding on the merits to the defendants' motion to dismiss for lack of personal jurisdiction is not technically a concession. Stuart's strategy was risky, because the court could have chosen to address the merits of the personal jurisdiction issue before permitting the filing of Stuart's amended complaint. But the filing of an amended complaint typically moots an earlier-filed motion to dismiss directed to the prior complaint. The defendants' argument is built on the premise that the proposed amended

7

complaint does not cure or even address the defect raised in their Rule 12(b)(2) argument.  That may be so, but the court cannot be expected to compare line by line an earlier complaint against an amended complaint and determine which portions of an earlier Rule 12 motion are still viable and applicable to the amended complaint.  That is the defendants' task after the amended complaint is on file (and after the case has been remanded to state court).  It may be largely a "copy and paste" proposition, but it requires a new motion to dismiss directed to the operative complaint in the case.

This equitable consideration in the defendants' favor—Stuart's delay on the personal jurisdiction issue—is not sufficient, however, to override the other factors favoring leave to amend.  The defendants' strategy created the very situation they now complain about.  The arguments they have made to this court—personal jurisdiction arguments, Rule 19 arguments, failure to state direct claims arguments—all could have been raised in state court and determined on their merits.  The defendants made the strategic decision to remove, waiting to assert those arguments in federal court, and they were within their rights to do so.  But Stuart's request to add Strategic Sourcing in response to the defendants' argument that he is without a remedy in its absence appears to the court a logical consequence of that argument, and not  gamesmanship" and the "crafty application of three dimensional chess" as the defendants label it.

**Conclusion**

For the foregoing reasons, the court GRANTS the plaintiffs' motion for leave to amend their complaint (Dkt. 23). The amended complaint, at Dkt. 23-1, shall be docketed.

Further, by December 27, 2011, the parties must SHOW CAUSE, in writing, why this case should not be remanded to the Hamilton Superior Court for lack of subject matter jurisdiction.

So ORDERED.

Date: __12/13/2011__

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Andrew J. Detherage
BARNES & THORNBURG LLP
andy.detherage@btlaw.com

Robert A. Garelick
COHEN GARELICK & GLAZIER
bgarelick@cgglawfirm.com

M. Edward Krause III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Joshua Thornton Robertson
COHEN GARELICK & GLAZIER
jrobertson@cgglawfirm.com

Eric B. Zimbelman
PEEL BRIMLEY, LLP
ezimbelman@peelbrimley.com